## BERNARD WREDE v. CHARLES C. RICHARDSON ET AL.

The legality of public statutes can not be disproved as an issue of fact by the preponderance of evidence. The legislative record in such cases imports absolute verity; and public policy forbids that the burden of proof upon the issue of illegality, can be sustained by parol proof.

*Per Curiam.*

Reserved from Special Term.

For obvious reasons of public policy, it is incumbent on one who attacks the validity of a law, upon the ground that the proper steps were not taken in its passage, to show this by the legislative record. Under the Constitution, as amended, the participation of the governor necessary to give validity to laws enacted by the Legislature, is a legislative function to the extent of bringing the official record of his action within the rule of *omnia rite acta praesummuntur,* which applies with the strongest possible force to legislative records.

The record here presented affirmatively shows compliance with the Constitution, and the laws passed pursuant thereto, and imports absolute verity.

The burden of proof to show invalidity has not been sustained in this case; and can not be sustained by parol testimony. As said by the Supreme Court in the case of *Ex rel Herron* v. *Smith,* 44 O. St., 348 (370):

"What appears of record is certain and accessible to all, and all may with reason be held to have notice of such matters; that which rests in parol is perishable, uncertain, and in the nature of things limited to the actual knowledge of a limited number. The necessity for certainty and publicity in the laws, needs no higher reason for the exclusion of parol testimony offered to effect their authentication, than the perishable and uncertain nature of such testimony." * * *

And in the able concurring opinion of Judge Spear, it is further said (396):

"Utterly fallacious is the assumption that the legality of public statutes is to be proven as an issue of fact, and so upon a preponderance of evidence. To hold that a court may go back of a legislative journal and hear parol proof contradicting the truth of its declarations, or contradicting the equally conclusive presumptions which follow, and the presumptions of regularity which attach to it, would involve the absurdity of 'trying the validity of a statute upon the testimony of witnesses.' * * * The more one reflects upon such a proposition the more monstrous it appears, and the more peril seems involved in its application. It implies that where the existence or proceedings of a sovereign branch of the government are involved, parol evidence is the best evidence of which the nature of such a case is susceptible; it implies that records of the ordinary and appropriate character to prove public laws, or the existence and acts of official bodies, whose acts are not doubted or questioned by any other branch of the government, must, by the judiciary, be ignored, or subordinated to oral proof."

Not only do we regard these views as controlling, but

they commend themselves to our judgment as based upon the soundest principles of reason and public necessity.

It follows that the objections to the introduction of the parol testimony offered by plaintiff must be sustained, and judgment rendered for defendant dismissing the petition; and it is so ordered.

Judgment for defendant with costs.

*Cohen & Mack, Rufus B. Smith, Albert Bettinger,* for plaintiff.

*Ireton, Collins & Schoenle,* County Solicitors, *Wade Ellis,* Attorney-General, for the State.